UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
EBONE HARRIS

        Plaintiff

    v.

CITY OF NEW YORK, NYPD DETECTIVES
DAVID LUPPINO, JOHN BROOKS, and ARTHUR
TRUSCELLI, NYPD CHIEF OF DETECTIVES
DAVID BOYCE, NYPD BOROUGH COMMANDER
EDWARD DELATORE, 122nd PRECINCT COMMANDER
EBONY WASHINGTON, 120th POLICE PRECINCT
COMMANDER ROBERT BOCCHINO,
SGT. VICTOR BRUNO, SGT. NIKOLAOS STEFOPOULOS,
JOHN & JANE DOE P.O. VI - XV
        Defendants.
-----------------------------------------------------------

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

15-CV-6341 (NG) (JO)

## PRELIMINARY STATEMENT

1. This is a civil rights action brought by an African-American woman who was arrested on Staten Island by two plainclothes detectives on a charge of marijuana possession, placed in a car without her seat belt fastened and with her hands cuffed behind her back, driven around for hours while the detectives looked for other opportunities to make arrests, and injured in a high speed chase in which the detectives participated after hearing about it on their radio. Although injured, Plaintiff was denied medical care at the scene of the accident and throughout the night at two precincts until her release following arraignment the next day.

## JURISDICTION

2. This Court has subject matter jurisdiction to vindicate the violation of Plaintiff's federal civil rights based on 28 U.S.C. § 1331. This Court has supplemental jurisdiction to adjudicate Plaintiff's state and local law claims.

## VENUE

3. Plaintiff filed a timely notice of claim with respect to the injuries sustained redressible under New York State law and common law.

4. More than thirty days have elapsed without the claim being adjusted by Defendant City of New York.

5. Venue is properly laid in the Eastern District of New York, where the incidents complained of occurred.

## PARTIES

6. At all times mentioned herein, Plaintiff has been a citizen of the United States and of the State of New York, with her residence in the borough of Staten Island.

7. Plaintiff is black, and is of African-American descent.

## DEFENDANTS

8. Detectives David Luppino, John Brooks and Arthur Truscelli and Sergeants. Victor Bruno and Nikolaos Stefopoulos at all times mentioned herein were New York Police Department employees, acting within the scope of their employment by the City of New York.

9. Police Officers "John" and "Jane" Does VI – XV, the true names of who are presently unknown to Plaintiff participated either in the incidents complained of, or had direct involvement as supervisors and/or policy makers within the New York Police Department, and by their acts and failures to act, and by their ratification of Defendant Detectives Luppino's, Brooks', Truscelli's, and Sgt. Stefopoulos' actions, were or became responsible for the injurious denial of Plaintiff's civil rights.

10. Detectives Luppino, Brooks, Truscelli and Sgt. Stefopoulos and all other Defendants named herein acted either with intent to injure Plaintiff, or with reckless indifference to her well-being and to the violation of her federal civil rights.

11. Defendant City of New York was the employer of each of the other Defendants. Each of the Defendants acted within the scope of his or her employment by the City of New York and pursuant to its de jure and/or de facto policies.

12. Detectives Luppino, Brooks, Truscelli and Sgt. Stefopoulos acted under the direct supervision of the New York City Police Department Chief of Detectives David Boyce, and his subordinates within the Detective Division.

13. All other police officer Defendants, unless otherwise noted, acted under the supervision of the New York City Police Department Staten Island borough commander, the precinct commander of the 122nd or 120th Precinct, and the ranking officers on duty at the precincts during the shifts when the incidents complained of occurred, including Sergeants. Victor Bruno and. Nikolaos Stefopoulos.

## FACTS

### As a First Claim

14. On November 8, 2014, Plaintiff was driving her car, with her cousin, Ryan Linwood, near the corner of Merrill Avenue and Arlene Street, in Staten Island, when her car was stopped by Defendant NYPD police detectives Luppino and Brooks, who were riding in an unmarked police car.

15. Upon information and belief, the stop of Plaintiff's car was without probable cause, was supposedly justified by the false assertion by one of the

detectives that her vehicle matched the vague description of cars being sought, but was actually motivated by her race.

16. One of the male police officers, in the course of Plaintiff's arrest, touched her inappropriately by patting her down and searching her pockets without a female police officer present.

17. Upon stopping Plaintiff's vehicle, one of the two detectives, upon information and belief Detective David Luppino, claimed that he could detect the odor of marijuana in Plaintiff's car.

18. The defendant Detectives took Plaintiff into custody, and placed her with her hands cuffed behind her back in an unmarked vehicle.

19. Defendants then searched the Plaintiff's vehicle, and allegedly found the stub of a marijuana cigarette in the car's ashtray.

20. Plaintiff stated at the time of the alleged finding of marijuana that she had not possessed or used marijuana in the car, but went on to state that her boyfriend had used the car earlier in the day, and that she did not know what he might have left in the car.

21. As a result of being charged with possession of marijuana with her then fourteen year old cousin in her car with her, Plaintiff was subject to a collateral Family Court proceeding.

22. Neither Defendant Luppino nor Defendant Brooks made any effort to secure Plaintiff's seat belt. The Patrol Guide, which instructs New York City police officers on the proper way of conducting themselves, inter alia, while transporting

4

arrestees, specifically directs the officers to secure arrestees by engaging the seat belts in the back seat of their vehicles.

23. However, there is a widespread abusive practice, both in New York City and around the country, of intentionally not securing arrestees with a seat belt, a practice which causes the arrestees to be subjected to physical punishment as the arrestees are transported.

24. Upon information and belief, Defendant Detectives Luppino and Brooks and Defendant Detective Truscelli intentionally caused Plaintiff to be transported without the seat belt or her seat secured.

25. Defendant police officers, upon information and belief including Detective Truscelli, rather than transporting Plaintiff directly to the 122nd Precinct, decided to continue looking for other persons engaging in criminal activity, to make the trip back to the precinct worth the trouble, so that Plaintiff was subject to hours of being driven around Staten Island, her hands cuffed behind her back, while Defendant police officers looked for additional evidence of criminal activity.

26. At or about 9 pm on November 8, 2014, the police driving the van in which Plaintiff was a passenger heard a broadcast on their police radio of police cars in pursuit of a vehicle.

27. The officers gave chase with Plaintiff in the back seat, her seat belt unsecured, and her hands cuffed behind her back.

28. The officers arrived at the scene where the police vehicles had given chase of the other vehicle, and found that there had been a crash, the motor vehicle collision involving two or more of the vehicles in the chase. When the unmarked police car in

which Plaintiff was being transported, stopped suddenly, Plaintiff was thrown forward, banging her head and causing her to lose consciousness.

29. When she woke up, Plaintiff told the police present that she had been injured.

30. The police told her that, although there were Emergency Medical Service ambulances on the scene, the police officers had priority, and she would therefore be transported to the precinct, and not to the hospital. Plaintiff was then transported to the 122nd precinct by the officers, still unsecured by a seat belt with her hands cuffed behind her back.

31. The acts of Defendants Luppino, Brooks, Truscelli and Sgt. Stefopoulos in failing to secure Plaintiff in the vehicle's seat belt, in handcuffing her hands behind her while not affording her the protection of a seat belt, and the acts of Defendant police officers in driving her around Staten Island while Plaintiff was a passenger in this unsafe circumstance, and failing to transport her directly to the police precinct, and engaging in a high speed chase with Plaintiff in the vehicle, with no seat belt and with her arms cuffed behind her, and in depriving her any medical care after she had lost consciousness in an accident, to the extent that their acts, were not deliberate and intentionally done with the intent to inflict bodily and mental harm on Plaintiff, were done with reckless disregard for Plaintiff's well-being.

32. The acts of Defendants set forth above caused Plaintiff physical injury and anxiety, humiliation and fear, and violated her rights secured by the Fourth Amendment to the U.S. Constitution.

## As a Second Claims for Relief

33. Plaintiff repleads as if set forth out here in full ¶¶s 1-32 of the Complaint.

34. Plaintiff upon being transported by Defendant police officers to the 122nd Precinct, was hand cuffed to a chair and despite her repeated requests was not afforded an opportunity to either be seen by medical personnel nor to be transported to a medical facility.

35. Detectives Luppino and Brooks placed Plaintiff in the back seat, her seat belt unsecured, and her hands cuffed behind her back. Plaintiff was then transported by police officers including Detective Truscelli to the 120th Precinct..

36. Plaintiff after being transported by police officers to the 120th Precinct was locked in a cell and despite her repeated requests was not afforded an opportunity to either be seen by medical personnel nor to be transported to a medical facility.

37. Plaintiff was produced in Richmond County Criminal Court on November 9, 2014, and was released on her own recognizance by the Court.

38. Plaintiff was seen at the Staten Island University Hospital on the same day, and was examined and treated for her injuries and released.

39. The Defendant police officers at the 122nd precinct and 120th Precinct who were on duty during Plaintiff's detention there, including in addition to Detectives Luppino, Brooks, Truscelli and Sergeants Nickolaos Stefopoulos and Victor Bruno, including the shift commander on duty and police officers with the ranks of Deputy Inspector, Captain, Lieutenant, Sergeant and Police Officers whose true names are presently unknown to Plaintiff, who are denominated Defendants "John" and "Jane" Does, were liable for their direct involvement in carrying out of the deprivation of

Plaintiff's receipt of needed medical attention in violation of her rights, exacerbating her injuries.

40. The deprivation of medical attention to Plaintiff by said police department officials and officers was carried out in violation of Plaintiff's rights secured by the due process clauses of the Fifth and Fourteenth Amendments.

### As a Third Claim for Relief

41. Plaintiff repleads as if pled here in full ¶¶s 1-40 of this Complaint.

42. The mistreatment of Plaintiff from the time of the initial stop to the time she was produced the next day in Richmond County Criminal Court was motivated by the racial animus of some or all of the Defendants.

43. Said Defendants acted jointly and conspired to deprive Plaintiff of her civil rights based upon her race, in violation of 42 U.S.C. §§ [Sections] 1983 and 1985.

### As a Fourth Claim for Relief

44. Plaintiff repleads ¶¶s 1-43 of the Complaint as if stated here in full.

45. Those Defendants who may not themselves have been motivated by a racial animus against Plaintiff knew of the existence of a racially motivated conspiracy, and as law enforcement officers, failed to act to prevent the racially motivated conspiracy.

### As a Fifth Claim for Relief

46. Plaintiff repleads ¶¶s 1-45 the Complaint as if stated here in full.

47. Defendants David Boyce, Chief of Detectives of the New York City Police Department, Defendants "John" and "Jane" "Doe," subordinates of the Chief of Detectives responsible for supervising the Detective unit in which Detectives

Luppino, Brooks, Arthur Truscelli and Sgt. Stefopoulos served, Staten Island NYPD Police Borough Commander Edward Delatorre, and his subordinates in charge of supervising the operations of the 122nd and 120th police precincts together with the ranking officers at the 122nd and 120th precincts including 122nd Precinct Commandeer Ebony Washington and 120th Police Precinct Commander Robert Bocchino, failed to supervise the Detectives and police officers named Defendants herein, when they knew or should have known that their failure to exercise such supervision and control jeopardized the rights of individuals in Staten Island, particularly African-American Staten Islanders.

48. Said supervisory police personnel, by their failure to adequately supervise the New York City police department personnel under their supervision, were directly involved in the violation of Plaintiff's rights in violation of 42 U.S.C. § 1983.

49. Almost a year has elapsed since the incidents complained of, and Defendant supervisors have neither initiated nor caused to be initiated any investigation of the violation of Plaintiff's civil rights.

50. By their failure to investigate or discipline any officers for their misconduct said supervisory officers have effectively ratified the misconduct which caused and contributed to the exacerbation of Plaintiff's injuries and the violations of her civil rights, and are therefore responsible for the creation of conditions in which officers are aware that they can violate the rights of African-American persons without fearing any disciplinary consequences.

51. In particular, on numerous occasions each year, New York City Police Department officers engaging in arresting and transporting individuals deliberately

inflict corporal punishment on the individuals they have arrested by transporting them with their hands cuffed behind them and without securing them with seat belts, although this practice is specifically countermanded by the New York City Patrol Guide. Yet no investigations or disciplinary infractions follow.

52. Moreover, there is widespread violation in certain New York City police precincts of the mandate in New York City police department policy that detainees in need of medical attention be treated at the precinct by qualified medical personnel or transported either directly from the scene of the arrest or from the precinct to a qualified medical service provider. Yet, the deprivation of arrestees' right to prompt medical treatment is neither investigated nor made the subject of discipline.

### As a Sixth Claim for Relief

53. Plaintiff repleads as if stated here in full ¶¶s 1-52.

54. Each of the above Defendants acted within the scope of their employment as employees of the City of New York.

55. Defendant City of New York is responsible for the other Defendants' acts and omissions carried out deliberately and intentionally, recklessly, or negligently.

### As a Seventh Claim for Relief

56. Plaintiff repleads as if stated here in full ¶¶s] 1-55.

57. The acts of Defendants named above carried out in whole or in part because of a racial bias against Plaintiff violated her right to not be treated differently in the receipts of government services, in violation of her rights under the New York City Human Rights Code, NYC Administrative Code Chapter 8, §8-101 et seq.

WHEREFORE, Plaintiff respectfully requests an award of compensatory and punitive damages against all Defendants other than the City of New York, and an award of compensatory damages against the City of New York, in amounts to be determined by the trier of fact, together with reasonable attorneys' fees and the costs of this action.

                                                  Lennox S. Hinds (LH-8196)
STEVENS, HINDS & WHITE, P.C.
75 Maiden Lane
Suite 222
New York, NY 10038
212-864-4445
shwpcattorneys@yahoo.com

## JURY DEMAND

A trial by jury is demanded of all issues triable by jury.

                                                  Lennox S. Hinds