UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

EBONE HARRIS,

                                Plaintiff,

                -against-

CITY OF NEW YORK, NYPD DETECTIVES DAVID
LUPPINO, JOHN BROOKS, and ARTHUR TRUSCELLI,
and SGT. NIKOLAOS STEFOPOULOS,

                                Defendants.

------------------------------------------------------------------------ X

**DEFENDANTS' PROPOSED
JURY CHARGE**

15-CV-6341 (NG)(JO)

        In accordance with the Court's Individual Practice Rules, Defendants City of New York, David Luppino, John Brooks, Arthur Truscelli, and Nikolaos Stefopoulos respectfully provide proposed language for the jury charge relating to the remaining substantive claims.

## PART I:  GENERAL INSTRUCTIONS.

### Duty of the Court

        We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

        Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, even if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

## Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts you must rely upon your own recollection of the evidence.  None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence.  Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence.  Please remember that questions are never evidence; only answers are evidence.  However, at times, during the course of this trial, counsel for the plaintiff and defendants may have incorporated into their questions statements that they have asked the witness to assume as true.  If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question.  On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true.  Also, you may not consider any answer that I directed you to disregard or what I

directed be stricken from the record.  Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

### Duty of Impartially

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law.  You are to perform your final duty in an attitude of complete fairness and impartially.  You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the evidence.  Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

## Burden of Proof: Preponderance of the Evidence

As you know, this is a civil case.  In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

Here, the party that is making a claim is the plaintiff, Ebone Harris.

In this civil trial, it is plaintiff's burden to establish each and every element of his claims by a preponderance of the credible evidence.  The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief.  To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true.  If plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you <u>must</u> find for the defendants on that claim.

What does a "preponderance of the evidence" mean? A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties – that is, it is equally probable that one side is right as it is that the other side is right -- or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof, or the plaintiff in this case. That is because the party bearing the burden, in this case the plaintiff, must prove more than simple equality of evidence -- he must

prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of that party -- that what he claims is more likely true than not true -- then the element will have been proved by a preponderance of evidence.

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. It does not require any other evidence. It does not require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he/she saw, heard, or felt. In other words, when a witness testified about what is known from his/her own personal knowledge by virtue of his/her own sense, what he/she saw, touched, or heard – that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the

combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

## **Witness Credibility**

It must be clear to you by now that the parties are asking you to draw very different conclusions in the case.  An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct-examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may cause the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to? However, an interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth. It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that any statement made by a witness was false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the witness' entire testimony as not worthy of belief.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## PART II: SUBSTANTIVE LAW

In this case, the plaintiff Ebone Harris brings a federal claim for deliberate indifference to her safety against defendants Arthur Truscelli and Nikolaos Stefopoulos only, and

a New York City Human Rights Law claim against all Defendants.  I will first instruct you on plaintiff's federal claim, then I will instruct you on her state law claim.

## FEDERAL § 1983 CLAIM

### A.    The Statute, Its Function, and Elements of Claim for Relief

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983.  In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

1)    Defendants' conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

2)    Defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

### 1.    First Element:  Deprivation of Constitutional Right

First, plaintiff must show that she was intentionally or recklessly deprived of a constitutional right by the defendant.  Specifically, the plaintiff must show, by a preponderance of the credible evidence, that (a) the defendant committed the acts as alleged by plaintiff; (b) in performing the acts as alleged by plaintiff, defendant acted intentionally or recklessly, and (c) the alleged acts caused the plaintiff to suffer the loss of a constitutional right.

#### a.    *Commission of Alleged Acts*

The first thing for you to determine is whether each defendant committed the acts as alleged by plaintiff. The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right. Thus, in order for plaintiff to prevail on her claims, there must be some evidence of personal involvement by the defendants.[1]

---

[1] See Daly v. New York City, No. 16-CV-6521 (PAE), 2017 U.S. Dist. LEXIS 82209, at *10-11 (S.D.N.Y. May 30, 2017) (citing Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013)).

Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts. Therefore, you must first determine if a defendant was personally involved in the constitutional violation alleged by plaintiff. If you find that a defendant was not personally involved in a deprivation of the plaintiff's constitutional rights, then you must find for the defendant on that claim.

If, however, you find that a defendant was personally involved in the deprivation of the plaintiff's constitutional rights, you must then consider whether the plaintiff has proven the other elements of her claims.

### b. *Intent*

Let me briefly explain what I mean when I say that a person acted intentionally or recklessly. An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason. An act is reckless if done in conscious disregard of its known probable consequences.

### c. *Loss of a Constitutional Right*

If you determine that the defendant committed the act alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right. Here, the rights at stake are those secured by the Fourteenth Amendment to the United States Constitution, which forbids any person to be deprived of life, liberty, or property "without due process of law." Plaintiff claims, as I have already mentioned, that defendants David Luppino, John Brooks, Arthur Truscelli, and Nikolaos Stefopoulos deprived her of her federal rights by subjecting her to deliberate indifference to her safety.

### 2.    <u>Second Element:  Proximate Cause</u>

Plaintiff's claim requires that the defendant's acts were the proximate cause of any injuries plaintiff may have sustained.  An act is a proximate cause of an injury if it is a substantial factor in bringing about the injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage.  Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.  Thus, proximate cause is satisfied if you find that defendant's acts were a substantial factor in bringing about or actually causing plaintiff injuries, that is, if the injury was a reasonably foreseeable consequence of any of defendant's acts.

### <u>DELIBERATE INDIFFERENCE TO SAFETY</u>[2]

Plaintiff claims that while her arrest was lawful, the conditions of her confinement after her arrest deprived her of her Constitutional rights under the Due Process Clause of the Fourteenth Amendment. Specifically, plaintiff maintains that she was denied reasonable safety when she was left unsecured and handcuffed in the back of the van. Defendants deny that they were deliberately indifferent, in any manner, to plaintiff's safety and maintain that plaintiff's version of events is incredible.

A detainee may not be deprived of their human basic needs, e.g., food, clothing, shelter, medical care, and reasonable safety – and they may not be exposed to conditions that

---

[2] This section is based upon the Court's Opinion and Order on Defendants' Motion for Summary Judgment, dated April 26, 2018, Civil Docket Entry No. 52, and on the following cases: <u>Darnell v. Pineiro</u>, 849 F3d 17 (2d. Cir. 2017); <u>Cuffee v. City of New York</u>, 15-CV-8916 (PGG)(DF), 2017 U.S. Dist. LEXIS 44552 (S.D.N.Y. Mar. 27, 2017); <u>Lynch v. Doe</u>, 14-CV-6919 (VB), 2016 U.S. Dist. LEXIS 24683 (S.D.N.Y. Feb. 29, 2016).

pose an unreasonable risk of serious damage to their future health. However, the conditions themselves must be evaluated in light of contemporary standards of decency.

There are two prongs to this claim. First, plaintiff must show that the challenged conditions of confinement were <u>sufficiently serious</u> to constitute objective deprivations of the right to due process.  Second, the plaintiff must show that each of the defendants acted with "at least deliberate indifference to the challenged conditions." This means that the plaintiff must prove that each of the defendants acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though [they] knew, or should have known, that the condition posed an excessive risk to health or safety.

Thus, in addition to showing that the officer created a condition that objectively posed an excessive risk to safety, plaintiff must also show that the officer either knew, or *should have known*, that such condition would pose an excessive risk. Although the officer's actual knowledge of the excessive risk is not required, a *mens rea* "greater than mere negligence" is still required.

If you find that plaintiff was transported without a seatbelt, this alone is insufficient, and you must find for the defendants on this claim.[3] If you find that plaintiff was being driven recklessly or negligently, or that the vehicle was speeding, or was involved in a collision, this too is insufficient and you must find for the defendants on this claim.[4]

---

[3] See <u>Jabbar v. Fischer</u>, 683 F.3d 54, 58 (2d Cir. 2012) ("A bus seatbelt is not a 'life necessity.'" (internal citation omitted)); <u>Carrasquillo v. City of New York</u>, 324 F. Supp 2d. 428, 437 (S.D.N.Y. 2004) ("failure to provide seatbelts to prisoners is not a constitutional violation under § 1983 . . . [because] protection from harm in general is not a constitutionally secured right.");

[4] See <u>Cuffee v. City of New York</u>, 15-CV-8916 (PGG)(DF), 2017 U.S. Dist. LEXIS 31604, at *19 (S.D.N.Y. Mar. 27, 2017) ("[F]acts in addition to the absence of seatbelts and reckless driving" are needed to "suggest that the plaintiff was exposed to conditions posing an unreasonable risk of serious harm . . . ."); <u>Uhl v. Wendy</u>, 15-CV-6923 (VB), 2016 U.S. Dist. LEXIS 170818, at *8 (S.D.N.Y. Dec. 7, 2016) ("Plaintiff's allegations that [the defendant] failed to provide seatbelts and drove 'too fast for the road conditions' sound in negligence, and are therefore

## NEW YORK CITY HUMAN RIGHTS LAW

Plaintiff also claims that the defendants violated the New York City Human Rights Law by denying her full and equal enjoyment of public accommodations because of her race. Defendants deny that plaintiff was discriminated against because of her race in any manner.

To establish this claim, plaintiff must prove that she was treated differently than similarly situated persons of a different race. In other words, plaintiff must prove by a preponderance of the evidence that she was treated differently than a person of a different race in a materially similar arrest scenario.[5]

Plaintiff must also prove by a preponderance of the evidence that defendants' motive was discriminatory, "intentional and purposeful."  To establish this claim, Plaintiff must prove that Defendants' actions were motivated by racial animus. This means that she must prove a "causal link" between the defendants' actions and her race.[6]  If you find that the only evidence of discriminatory intent is Plaintiff's own subjective belief, you must find for the defendants on this claim.[7]

## PART III:  DAMAGES

## General Instructions[8]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of her claims for relief, you must then decide if she suffered any injuries as a result of the violation of her rights.

---

insufficient to state a claim under Section 1983."); Lynch v. Doe, 14-CV-6919 (VB), 2016 U.S. Dist. LEXIS 140160, at *7 (S.D.N.Y. Oct. 7, 2016) (dismissing deliberate indifference claim where plaintiff alleged driver of prisoner van was speeding and swerving on an icy highway in the dark while playing loud music).
[5] See Lizardo v. Denny's, Inc., 270 F. 3d 94, 101 (2d Cir. 2001).
[6] See Anderson v. City of New York, 817 F.Supp. 2d 77, 95 (E.D.N.Y. 2011); Tchatat v. City of New York, 14-CV-2385 (LGS), 2015 U.S. Dist. LEXIS 115093, at *41 (S.D.N.Y. Aug. 28, 2015); Lizardo v. Denny's, Inc., 270 F. 3d 94, 102 (2d Cir. 2001); Carson v. Lewis, 35 F. Supp. 2d 250, 269 (E.D.N.Y. 1999).
[7] Taylor v. Polygram Records, 94-CV-7689 (CSH), 1999 U.S. Dist. LEXIS 2583, at *46 (S.D.N.Y. Mar. 5, 1999)
[8] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff has established liability on her claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendants are liable to the plaintiff.

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case.  The award of attorneys' fees in such circumstances is a matter to be determined by the Court.  Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay her attorneys.[9]

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages.  I will explain the law concerning each of these types of damages to you.

### Compensatory Damages[10]

If you return a verdict for the plaintiff, then you may award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of the conduct of a defendant.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that she has proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants.  You should not award compensatory damages for speculative

---

[9] Defendants note that this paragraph was taken from the charge given to the jury by Judge Kaplan in <u>Manigault</u>.

[10] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant you have found liable.  That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by defendants, and that are a direct result of conduct by defendants that was a violation of plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of her rights at issue here.  You may, however, compensate the plaintiff to the extent that you find that she was further injured by a defendant's violations of his rights.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

There is no claim in this case that the plaintiff sustained any loss of income or other economic loss.  So, in calculating compensatory damages, you may not include any amount for such losses.

### Damages:  Multiple Claims

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate her for her injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury.  You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries she suffered.  But you should not compensate plaintiff for the same injury twice simply because you find a defendant liable for multiple claims.

This case involves multiple defendants.  Therefore, you must be careful to award damages only against the defendant or defendants that the plaintiff has proved are liable for that injury.  The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendants are also liable.  Each defendant is entitled to a separate and individual consideration of his liability without regard to your decisions on any other defendant.  If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant.  Keep in mind, however, that plaintiff can recover only once for her injury, because the law disallows double recoveries.

### Nominal Damages

Now let's turn to nominal damages.  If you return a verdict for plaintiff on any of her claims, but then find that she failed to prove by a preponderance of the credible evidence that

she suffered any actual damages for that claim as a result of the action of defendants, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar.  This is called nominal damages.

Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has proved no compensatory damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation.  Therefore, if you find that plaintiff did not prove injuries as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.[11]

---

[11] Defendants have not included any charge relating to punitive damages because defendants contend that after hearing the evidence, the Court will determine that no rational jury could find punitive damages against defendants in this case.  Should the Court find that a punitive damage charge is necessary, defendants will provide proposed language.

**Mitigation of Damages**

In determining the amount of damages to which plaintiff is entitled to if any, you may take into consideration whether plaintiff failed to mitigate her damages.[12]   A plaintiff claiming damages due to the wrongful act of another is under an obligatory duty to minimize the damages liable to result from such injury.[13]  If the plaintiff does not make a reasonable effort to minimize her damages, she is barred from recovering those additional damages that result from her own failure to mitigate.[14] Therefore, if you find that plaintiff could have reasonably avoided certain of her injuries, you may deny plaintiff compensation for those damages stemming from the avoidable injury.**[15]**

It is defendants' burden to prove that plaintiff made no attempt to mitigate her damages.[16]

**Attorneys' Fees**

Federal law provides for an award of attorneys' fees to a plaintiff when he or she prevails in a civil rights action.  The award of attorneys' fees is a matter to be determined by the Court.  Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take into consideration the fees that plaintiff may have to pay his attorneys.

---

[12]   See Miller v. Lovett, 879 F.2d 1066, 1070 (2d Cir. 1989)(citing E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice & Instructions § 85.13 (1987)("there can be no duty to mitigate damages until the injury causing those damages actually occurs.").

**[13]**  East Hampton Dewitt Corp. v. State Farm Mut. Auto. Ins. Co., 490 F.2d 1234, 1239 (2d Cir. 1973)(quotations omitted).

**[14]**  Id.

[15]  Id.

[16]   See Clarke v. Frank, 960 F.2d 1146, 1152 (2d Cir. 1992)("while it is the plaintiff's duty to mitigate, it is the defendant who has the evidentiary burden of demonstrating at trial that a plaintiff has failed to satisfy this duty.")

## PART IV: CONCLUDING INSTRUCTIONS

### Selection of Foreperson; Right to See Exhibits and Hear Testimony:

### A. Communications with the Court

You will shortly retire to the jury room to begin your deliberations.  As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law.  I will shortly send you as well a verdict form on which to record your verdict.  [If you want to see any of the exhibits, please send me a note requesting the exhibits you'd like to review.]

If you want any of the testimony, that can also be provided, either in transcript or read-back form.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations.  After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

### B. Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous.  In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation:  to discuss and

consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered.  On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you.

In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

Dated:      New York, New York
            June 29, 2018

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, David*
*Luppino, John Brooks, Arthur Truscelli, and*
*Nikolaos Stefopoulos*
100 Church Street
New York, New York 10007
(212) 356-3520

By:      _____/s_____
            Ariel Lichterman
            Senior Counsel

cc:   Lennox S. Hinds, Esq.
      *Attorney for Plaintiff*
      Stevens, Hinds & White, PC
      75 Maiden Lane, Suite 222
      New York, NY 10038

      Aaron Frishberg. Esq.
      *Attorney for Plaintiff*
      282 Cabrini Blvd., Suite 2C
      New York, NY 10040