

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 04 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EBONE HARRIS,

        Plaintiff,

        -against-

CITY OF NEW YORK, NYPD DETECTIVES DAVID LUPPINO, JOHN BROOKS, and ARTHUR TRUSCELLI, SGT. NIKOLAOS STEFOPOULOS,

        Defendants.
------------------------------------------------------------x

15-CV-6341 (NG) (JO)

ORDER

**GERSHON, United States District Judge:**

This case is proceeding to trial on November 18, 2019. At a Pre-Trial Conference on January 16, 2019, I asked the parties to submit additional briefing on certain issues. I set forth my rulings below. I presume familiarity with the underlying facts, which are described in my decision on defendants' motion for summary judgment. *See Harris v. City of N.Y.*, 2018 WL 1997974 (E.D.N.Y. Apr. 27, 2018).

**I.    Plaintiff's Negligence Claim**

In the Joint Pre-Trial Order and at the Pre-Trial Conference, plaintiff confirmed that she is pursuing a negligence claim against the City of New York (the "City") under the theory of respondeat superior. Plaintiff argued in her opposition to defendants' summary judgment motion that all the individual officer defendants were negligent for not seatbelting her. I did not address plaintiff's negligence claim in my summary judgment decision, and thus I asked the parties to brief whether plaintiff may bring the claim at trial. I now conclude that she may.

Defendants argue that plaintiff's negligence claim is inconsistent with her 42 U.S.C. § 1983 claims of deliberate indifference to safety against defendants Detective Nikolaos Stefopoulos and

1

Detective Arthur Truscelli. They cite cases in which courts held that a plaintiff who brought an excessive force or assault claim could not also bring a negligence claim with respect to the same conduct.[1] A plaintiff is generally free to plead alternative, even inconsistent, theories of liability. Fed. R. Civ. P. 8(d)(2)–(3). But, because excessive force and assault claims are consistent only with a theory of intentional conduct, courts have held that a plaintiff pursuing one of those claims may not also pursue a negligence claim. *See, e.g., Vilkhu v. City of N.Y.*, 2008 WL 1991099, at *9 (E.D.N.Y. May 5, 2008) ("The question is not of alternative pleadings arising out of the same conduct, but of a single set of facts which if proved can only provide the basis for one or more intentional torts (which themselves may be alleged alternatively).").

Plaintiff's deliberate indifference claim is not analogous to excessive force or assault. Deliberate indifference is "roughly synonymous with 'recklessness.'" *Darnell v. Pineiro*, 849 F.3d 17, 32 (2d Cir. 2017). Thus, although deliberate indifference can be proven by showing that a defendant acted intentionally, it need not be. *See id.* at 35–36. Here, a jury could find that, while Stefopoulos' or Truscelli's actions did not amount to a constitutional violation, they did constitute negligence under state law. Accordingly, plaintiff may proceed to trial on her negligence claim against the City for the actions of these officers. *See Brown v. City of N.Y.*, 2005 WL 758781, at *4 (E.D.N.Y. Mar. 30, 2005); *cf. Cash v. Cty. of Erie*, 654 F.3d 324, 343–44 (2d Cir. 2011) (verdict was not irreconcilably inconsistent where jury found defendant deliberately indifferent but not

---

[1] *Bradshaw v. City of N.Y.*, 2017 WL 6060781 (S.D.N.Y. Dec. 7, 2017), is the only case cited by defendant that addresses both a claim of negligence and a claim of deliberate indifference. There, the court dismissed a *pro se* plaintiff's negligence claim for failure to file a timely Notice of Claim, but also briefly addressed, and agreed with, defendants' substantive argument that plaintiff's negligence claim should be dismissed because it was inconsistent with his allegation of deliberate indifference. *Id.* at *15–18. I find that court's analysis, which relied on *Bogart v. City of N.Y.*, 2016 WL 4939075, at *13 (S.D.N.Y. Sept. 6, 2016), and *Lozada v. Weilminster*, 92 F. Supp. 3d 76, 107 (S.D.N.Y. 2015)—neither of which involved a deliberate indifference claim—unpersuasive. *See Bradshaw*, 2017 WL 6060781, at *18 & n.21.

2

negligent because the jury may have "fail[ed] to understand that the higher standard necessarily subsumes the lower").

Defendants have not offered any support for the proposition that a plaintiff cannot simultaneously pursue against a defendant a claim under the New York City Human Rights Law ("NYCHRL") and a claim of negligence, as plaintiff does here against all the individual defendants. Based, at minimum, on plaintiff's deposition testimony that either Detective John Brooks or Detective David Luppino placed her in the van, I find that plaintiff may pursue her negligence claim against the City for the actions of these officers as well.

## II. Defendants' Qualified Immunity Defense

At the Pre-Trial Conference, defendants indicated that, if the jury reaches a verdict in favor of plaintiff under § 1983, they would seek to submit special interrogatories to the jury to support a qualified immunity defense. I asked them to submit the proposed interrogatories, which are as follows: (1) whether Detective Truscelli "reasonably believe[d], even if mistaken, that putting plaintiff in the prisoner van without a seatbelt would not pose an 'excessive risk' to plaintiff's safety;" (2) whether Detective Stefopoulos "reasonably believe[d], even if mistaken, that putting plaintiff in the prisoner van without a seatbelt would not pose an 'excessive risk' to plaintiff's safety;" and (3) whether the officer who was driving the van "reasonably believe[d], even if mistaken, that driving the van at a high speed to the scene of an emergency did not pose an 'excessive risk' to plaintiff's safety."

Defendants have submitted no case law showing that these interrogatories are appropriate. They cite *Darnell*, but the Second Circuit did not address the merits of the defendants' qualified

3

immunity defense in that opinion. *See* 849 F.3d at 39.[2] Recently, the Second Circuit made clear, while addressing a prisoner's deliberate indifference claim, that so long as, at the time of the alleged conduct, the constitutional rights at issue were clearly established, "'it is no defense for a police officer who violated this clearly established law to respond that he held an objectively reasonable belief that his conduct was lawful.'" *Paul v. LaValley*, 712 Fed. Appx. 78, 79 (2d Cir. 2018) (quoting *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 433 n.11 (2d Cir. 2009)). Here, defendants do not dispute that the constitutional rights at issue were clearly established at the time of plaintiff's arrest, and yet their proposed interrogatories essentially ask the jury to find that the officers held a reasonable belief that their conduct did not violate the law. Accordingly, their request to submit the special interrogatories to the jury is denied. *See id.*

### III. Punitive Damages

In addition to her claim of race discrimination against the individual officer defendants under Section 8-107(4)(a)(1)(a) of the New York City Administrative Code, plaintiff has a claim against the City under the same statute through the doctrine of respondeat superior. In her submission, plaintiff clarifies that she is seeking punitive damages only against the individual defendants, not the City. Indeed, plaintiff is barred from seeking punitive damages against the City under the NYCHRL and New York negligence law. *Krohn v. N.Y. City Police Dep't*, 2 N.Y.3d 329, 338 (N.Y. 2004) (addressing the NYCHRL); *Sharapata v. Town of Islip*, 56 N.Y.2d 332, 334 (N.Y. 1982) (addressing negligence).

---

[2] *Zellner v. Summerlin*, 494 F.3d 344, 367–68 (2d Cir. 2007), the only other case defendants cite, stands for the general proposition that an officer may submit special interrogatories to allow the jury to make factual findings regarding a qualified immunity defense, but it provides no support for the proposition that such interrogatories would be appropriate in the context of this case.

## IV. Indemnification

In his submission, defense counsel confirmed that, if the individual defendants are found liable on the state law claims, the City would be jointly liable for purposes of a respondeat superior claim. As a result, I grant defendants' unopposed request to preclude mention of the City as a defendant during the trial.

SO ORDERED.

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

November 4, 2019
Brooklyn, New York